OPINION
On October 20, 2000, appellant W. Daniel Cordray filed the instant action against appellee Carey Landscape and Lawncare, Inc. The complaint included causes of action for negligence, fraud, and slander of title, in violation of the Ohio Consumer Sales Practice Act. Appellee filed an answer, and counterclaimed against appellant for breach of contract, unjust enrichment, and foreclosure of a mechanic's lien.
On September 11, 2001, the court referred the case for non-binding arbitration. On December 21, 2001, appellant moved the court to bifurcate the claims for treble damages and attorney fees under the Consumer Sales Practice Act claim. Appellant argued these issues should be determined solely by the court. The court granted the motion to bifurcate these issues.
On January 24, 2002, the chairperson of the arbitration panel filed an order captioned "corrected notice of hearing," setting the matter for arbitration on March 1, 2002. The order does not reflect whether the arbitration was to be binding or not binding. The entry further states that costs of the previous arbitration hearing held in the matter shall be charged to appellant. The record does not reflect when this prior arbitration occurred. The case proceeded to a hearing before the arbitration panel on March 1, 2002. Prior to presenting evidence, the following colloquy occurred between the arbitration panel and counsel for both parties:
 "Mr. Griffin: If it would please the Court, Your Honor, we have agreed off the Record that the fact-finding of the arbitration panel will be binding. So if they find for the violation of the Consumer Sales Practice Act with the bifurcated hearing on the question of attorney fees under the Consumer Sales Practice Act but all of the fact-finding today will be binding on the parties. It's agreeable to the Plaintiff and Defendant. Trans. Of Proceedings heard before arbitrators, page 2."
On March 5, 2002, the arbitrators filed their arbitration report and award, rejecting appellant's claims for negligence, fraud, and violation of the Consumer Sales Practice Act. The arbitrators also rejected all of appellee's counterclaims against appellant, by reason of accord and satisfaction. While the arbitrators rejected appellant's request for monetary damages on the slander of title claim, the arbitrators determined that appellee's mechanic's lien should be canceled.
On March 21, 2002, appellant requested a trial de novo in the trial court, as appellant believed the arbitrators erred in applying the law to the case. The court denied this request, finding that the parties stipulated to the binding effect of whatever report and award the arbitration panel issued in the matter.
Appellant filed a notice of appeal to this court, and the case has been assigned to the Accelerated Docket. Appellant assigns a single error on appeal:
 "THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF-APPELLANT'S NOTICE OF APPEAL OF THE ARBITRATION PROCEEDING, AS THE PARTIES ONLY AGREED TO BINDING ARBITRATION ON FINDING OF FACTS."
Appellant argues that the court erred in denying his request for a trial de novo, as he did not intend to be bound by the legal decisions of the arbitrator, solely the findings of fact. This claim is without merit.
First, appellant cites no authority for the proposition that a case can proceed to arbitration with the arbitrators being entitled to make findings of fact, but not to apply the law to the facts as found by the panel. Appellant's argument is similar to an attempt to present evidence and testimony to a jury, but give them no instructions on the law, and not allow the jury to apply the law to the facts to make a final determination.
Further, although counsel for appellant stated on the record that the parties agreed that the fact finding of the arbitration panel will be binding, it is apparent from the context that the parties did not intend for the result to be non-binding as to the application of law to the facts. In reserving the bifurcated issue of attorney fees under the Consumer Sales Practice Act, counsel for appellant specifically stated, "* * * So if they find for the violation of the Consumer Sales Practice Act. . . ." Tr. 2. It is apparent from this statement that appellant expected a finding of a violation of or no violation, with the result to be binding on the parties, with the issue of attorney fees then proceeding to the trial court.
Having determined that the arbitration in the instant matter was binding, it is well settled that judicial review of binding arbitration is limited to claims of fraud, corruption, misconduct, or a usurpation of authority on the part of the arbitrator. E.g., Fred R. Jones Company v.Path (1920), 101 Ohio St. 47.
The assignment of error is overruled.
The judgment of the Delaware County Common Pleas Court is affirmed.
GWIN, J., and WISE, J., concur.
HOFFMAN, P.J., dissents